1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | PATRICK GLENN GOODWIN,           )   1:11-cv-01123-JLT HC
                                     )
12 |                  Petitioner,    )   ORDER DISMISSING SUCCESSIVE
                                     )   PETITION FOR WRIT OF HABEAS
13 |      v.                         )   CORPUS PURSUANT TO 28 U.S.C. §
                                     )   2244(b)
14 |                                 )
   | M. D. BITER, Warden,            )   ORDER DIRECTING CLERK OF COURT
15 |                                 )   TO ENTER JUDGEMENT AND CLOSE
   |                  Respondent.    )   FILE
16 | _____ )
   |                                     ORDER DECLINING TO ISSUE A
17 |                                     CERTIFICATE OF APPEALABILITY

18

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.  Petitioner filed his written consent to the jurisdiction of the United

21  States Magistrate Judge for all purposes on July 17, 2011. (Doc. 5).

22        In the petition, Petitioner challenges his 1995 conviction in Fresno County Superior Court for

23  being a felon in possession of a firearm (Cal. Pen. Code § 1201.1(a)).  (Doc. 1, p. 1).   Petitioner was

24  sentenced, under California's Three Strikes law, to an indeterminate prison term of twenty-five

25  years-to-life.  (Doc. 1, p. 1).

26        A review of the Court's dockets and files shows Petitioner has previously sought habeas

27
28

1

relief with respect to this conviction.[1]   In case no. 1:97-cv-05132-AWI-DLB HC, the petition, which was litigated over a period of four years,  raised four grounds for relief: (1) Petitioner's stipulation to admit evidence of his two prior "Three Strikes" convictions was invalid; (2) California's Three Strikes law is unconstitutionally vague; (3) California's Three Strikes law violates Petitioner's federal equal protection rights; (4) the trial court erred in using one of Petitioner's prior "strike" convictions as both the predicate felony for the substantive offense of being a felon in possession of a weapon and as one of the two enhancing "strikes."   The United States District Judge assigned to that prior petition denied it on the merits and entered judgment against Petitioner on April 27, 1999. The Court's records also indicate that, on review, the United States Court of Appeals for the Ninth Circuit denied issuance of a certificate of appealability and dismissed the appeal on October 26, 1999.

In the latest petition, Petitioner raises four additional claims relating to his 1995 conviction: (1) an argument that Petitioner should be permitted to raise these claims in a second or successive petition because he has exercised due diligence and there is an external cause for the delay, i.e., a set of facts not discovered by appellate counsel[2] and a subsequent decision of the U. S. Supreme Court in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 826 (2007);  (2) the trial court violated Petitioner's constitutional rights by "splitting" his 1986 conviction into two separate "strikes"; (3) Petitioner was denied a jury instruction on the lesser included offense, violating his federal constitutional rights; (4) due to a "change" in the law based on the United States Supreme Court's decision in Cunningham, Petitioner now argues that the "strike" enhancements were a violation of his constitutional rights and justify his delay in bringing this "second and successive" petition.  (Doc. 1, pp. 4-16).

Petitioner's claims notwithstanding, because the instant petition is a second or successive petition and because Petitioner has not obtained the permission of the United States Court of

---

[1]The Court takes judicial notice of the docket in case no. 1:99-cv-06338-OWW-SMS HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

[2]Petitioner never explains the nature of these "facts not discovered by appellate counsel," nor does Petitioner set forth evidence of whatever "reasonable diligence" Petitioner undertook to discover these facts, nor how the discovery of these undisclosed facts bears upon any federal constitutional right.

1   Appeals for the Ninth Circuit prior to filing the instant petition, this Court must dismiss the petition.

2   **DISCUSSION**

3   A federal court must dismiss a second or successive petition that raises the same grounds as a

4   prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition

5   raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

6   constitutional right or 2) the factual basis of the claim was not previously discoverable through due

7   diligence, and these new facts establish by clear and convincing evidence that but for the

8   constitutional error, no reasonable fact-finder would have found the applicant guilty of the

9   underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).   However, it is not the district court that decides

10   whether a second or successive petition meets these requirements, which allow a petitioner to file a

11   second or successive petition.

12   Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

13   section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

14   order authorizing the district court to consider the application."  In other words, Petitioner must

15   obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.

16   See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or

17   successive petition unless the Court of Appeals has given Petitioner leave to file the petition because

18   a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United

19   States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),

20   cert. denied, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

21   Because the current petition was filed after April 24, 1996, the provisions of the

22   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

23   petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).

24   From even a cursory review of the claims in the instant petition, it is patently clear that none

25   of those claims rests on a "new, retroactive constitutional right." [3]  Moreover, as mentioned, it is not

26

27   _____

28   [3]In Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit clarified that the Cunningham decision, by
holding that the decision was compelled by the Supreme Court's prior decision in Blakely v. Washington, 542 U.S. 296
(2004), such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter,
on whether or not his conviction became final before Blakely, not Cunningham, was decided. Citing Teague v. Lane, 489

3

1  this Court's duty to determine whether Petitioner has met the criteria for filing a second and

2  successive petition; rather, that responsibility lies with the Ninth Circuit, should Petitioner ever seek

3  that court's permission to file a second and successive petition in this Court.

4     In that regard, Petitioner has made no showing that he has obtained prior leave from the

5  Ninth Circuit to file his successive petition attacking his 1995 Fresno County conviction.  That being

6  so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that

7  conviction under Section 2254, and therefore the Court must dismiss the petition.  See Greenawalt,

8  105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for

9  writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit.  See 28 U.S.C. §

10  2244 (b)(3).

11     Furthermore, the Court declines to issue a certificate of appealability.  A state prisoner

12  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his

13  petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322,

14  335-336 (2003).  The controlling statute in determining whether to issue a certificate of

15  appealability is 28 U.S.C. § 2253, which provides as follows:

16    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in

17    which the proceeding is held.

  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a

18    warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention

19    pending removal proceedings.

  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not

20

---

21  U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

22    Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing schemes that raise the

23    maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306.  No principles of comity or federalism would be served by refusing to apply this rule

24    to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review.*

25  Butler, supra, at 639. (Emphasis supplied).  Blakely is therefore the case on which Petitioner's Cunningham claim depends

26  because Blakely is not retroactively applied.  Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  In other words, Cunningham cannot be applied retroactively for cases which were final prior to Blakely.  Petitioner does not provide

27  information on when his direct appeal became final; however, considering that the Court of Appeal's decision was dated July 22, 1996, it is a virtual certainty that the state supreme court's denial of his petition for review would have occurred no later

28  than some time in 1997, clearly years before Blakely was decided on June 24, 2004.  Thus, under Teague, Cunningham could not apply retroactively to Petitioner's sentence.

be taken to the court of appeals from--
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

    If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

    In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

    Accordingly, it is HEREBY ORDERED as follows:

1.    The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for lack of subject-matter jurisdiction; and,

2.    The Clerk of the Court is DIRECTED to enter judgment and close the file.

3.    The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **July 29, 2011**                      **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE